IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| MARK B. TOMCO | CASE NO. 17-16020 |
| Debtor | JUDGE JESSICA E. PRICE SMITH |

**TRUSTEE'S NOTICE OF INTENT TO SELL REAL PROPERTY**
**FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**
**AND NOTICE OF OPPORTUNITY TO OBJECT**
**(3519 Kneirim Drive, Lorain, OH 44053)**

Waldemar J. Wojcik, the duly appointed and acting Trustee in the within Bankruptcy Estate, by and through counsel, gives notice pursuant to 11 U.S.C. §363(b)(1), 363(h) and Bankruptcy Rules 6004 and 2002(a)(2), of his intent to sell the entire interest of this Estate and of the Debtor, Mark B. Tomco, in certain real property identified by this Trustee in his 11/29/2017 Motion for Authority to Sell and the 1/23/2018 Order granting same to Richard F. Markoski and Brian Machor, at private sale for $67,000.00, pursuant to the terms in the attached Purchase and Sale Agreement (See Exhibit "A", pages 1 through 9). The real property to be sold consists of a single family residential home located at 3519 Kneirim Drive, Lorain, OH 44053, bearing Permanent Parcel No. 02-02-012-103-030, and the legal description for which is as follows (hereinafter "the real property"):

Situated in the City of Lorain, County of Lorain and State of Ohio: and further known as being Sublot No. 25 in Kneirim Drive Homes Allotment of part of Original Black River Township Lot No. 12, Tract No. 2, as shown by the recorded plat in Volume 14 of Maps, Page 26 of Lorain County Records.

Said real property is admittedly subject to a mortgage held by Nationstar Mortgage, LLC, dba Mr. Cooper, as recorded with the Lorain County Recorder on October 11, 2013 upon which $35,290.47 plus interest at 4.625% from and after 3/13/17 is claimed to be due and owing. Said mortgagee has previously consented to private sale of the real property provided its mortgage is paid from the proceeds of sale.

The real property being sold is a rental property and is therefore not subject to any homestead or any other available or asserted exemption.

Trustee believes that it is in the best interest of this Estate to accept the offer from Richard F. Markoski and Brian Machor, and to proceed with the sale of this Estate's entire interest in the aforedescribed real property by Trustee's Deed of Conveyance to said Buyers according to the terms and conditions set forth in the Purchase and Sale Agreement attached hereto as Exhibit "A." Trustee anticipates that this proposed sale will facilitate a 100% distribution to unsecured creditors, plus excess funds back to the Debtor.

**As a creditor or other party in interest, you have the right to appear and be heard with respect to Trustee's proposed sale. Any objection thereto must be made in writing, must be filed with the Clerk of the Bankruptcy Court at 201 Superior Ave., Cleveland, OH 44114, and must be served upon the undersigned as Trustee not later than MARCH 27, 2018. In the event any objection is timely filed, a hearing will be scheduled thereon at the convenience of the Court. In the absence of any timely filed objection, the Trustee will proceed with and consummate the proposed sale in accordance with the terms and conditions set forth herein and the attachments hereto, without any hearing.**

WHEREFORE, Waldemar J. Wojcik, Trustee, gives notice thorough counsel of his intent to sell this Estate's and the Debtor's entire interest in the real property identified and described hereinabove, free and clear of all liens, claims and encumbrances, including those of all creditors claiming through this Estate, to Richard F. Markoski and Brian Machor for the gross purchase price of $67,000.00, all in accordance with the Purchase Agreement attached hereto as Exhibit "A" and this Court's 1/23/2018 Order granting Trustee's 11/29/2017 Motion for Authority to Sell Real Property.

Respectfully submitted,

Waldemar Wojcik Co., L.P.A.

/s/ Waldemar J. Wojcik

_____
WALDEMAR J. WOJCIK, (0021824)
Attorney for Trustee
526 Superior Avenue, Suite 211
Cleveland, Ohio   44114
Phone:  (216) 241-2628
Fax:  (216) 373-2392

-2-



# RESIDENTIAL PURCHASE AGREEMENT
## OFFER, RECEIPT AND ACCEPTANCE



1  BUYER: The undersigned _Richard F. MARKOSKI and BRIAN MACHO_ offers to buy the
2  PROPERTY: Located at _3519 Kneirim DR_
3  City _LORAIN_, Ohio, Zip Code _44053_
4  Permanent Parcel No _02-02-012-103-030_ and further described as being: _A 3 bedroom_
5  _2 full bath single family home w/ 2CAR GARAGE_

6  The property, which Buyer accepts in its "AS IS" PRESENT PHYSICAL CONDITION, shall include the land, all
7  appurtenant rights, privileges and easements, and all buildings and fixtures, including such of the following as are
8  now on the property: all electrical, heating, plumbing and bathroom fixtures; all window and door shades, blinds,
9  awnings, screens, storm windows, curtain and drapery fixtures; all landscaping, disposal, TV antenna, rotor and
10 control unit, smoke detectors, garage door opener(s) and ___ controls; all permanently attached carpeting. The
11 following selected items shall also remain: ☐ satellite dish; ☐ range and oven; ☐ microwave; ☐ kitchen refrigerator;
12 ☐ dishwasher; ☐ washer; ☐ dryer; ☐ radiator covers; ☐ window air conditioner; ☐ central air conditioning; ☐ gas
13 grill; ☐ fireplace tools; ☐ screen, ☐ glass doors and ☐ grate; ☐ all existing window treatments; ☐ ceiling fan(s);
14 ☐ wood burner stove inserts; ☐ gas logs; and ☐ water softener. Also included: ___
15

16 Fixtures NOT Included: ___
17

18 PRICE: Buyer shall pay the sum of .......................................... $ _67,000_
19 Earnest money payable to ___ in the amount of $ ___
20 In the form of a ☐ check ☐ other ___ which shall be
21 redeemed immediately upon receipt of a binding agreement (as defined
22 on lines 201-211) and ☐ ___
23 Balance of cash to be deposited in escrow ............................ $ ___
24 Mortgage loan to be obtained by Buyer ................................. $ ___
25 ☐ Conventional, ☐ FHA, ☐ VA, ☐ Other
26 _Seller to contribute $3500.00 towards closing cost_
27 _prepaids and any other allowable fees_

28 FINANCING: Buyer shall make a written application for the above mortgage loan and provide documentation to
29 Seller of said application within _30_ days and shall obtain a commitment for that loan no later than
30 _35_ days after acceptance of this offer. If the closing date cannot occur by the date of closing due to
31 any government regulation or lender requirement, the date of closing shall be extended for the period necessary
32 to satisfy these requirements, not to exceed fourteen (14) business days. At the Seller's written election, if,
33 despite Buyer's good faith efforts, that commitment has not been obtained, then this Agreement shall be null and
34 void. Upon signing of a *mutual release* by Seller and Buyer, the earnest money deposit shall be returned to the
35 Buyer without any further liability of either party to the other or to the Brokers and their agents. (see line 201)

36 CLOSING: All funds and documents necessary for the completion of this transaction shall be placed in escrow
37 with the lending institution or escrow company on or before _APRIL 30, 2018 or_, and title shall be
38 recorded on or about _APRIL 30, 2018 or SOONER_. _SOONER_

39 POSSESSION: Seller shall deliver possession to Buyer of the property within _0_ days by _5_
40 ☐ AM ☒ PM after the title has been recorded. Subject to Buyer's rights, if any, the premises may be occupied by (time),
41 the Seller free for ___ days. Additional ___ days at a rate of $ ___ per day. Insurance coverage

Page 1 of 6  BUYER'S INITIALS AND DATE   RESIDENTIAL PURCHASE AGREEMENT   SELLER'S INITIALS AND DATE 2/24/18
RE/MAX Crossroads, 17149 Southpark Center Strongsville OH 44136   NEOHREX – Amended: August 2015
Patty Clark   Phone: (440) 331-2570   Fax:   N Sedgwick
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com



EXHIBIT A

Property Address: 3519 Kneirim DR. LORAIN OH 44053

42 and payment and collection of fees for use and occupancy after recording of title are the sole responsibility of
43 Seller and Buyer.

44 **TITLE:** Seller shall convey a marketable title to Buyer by general warranty deed and/or fiduciary deed, if
45 required, with dower rights released, free and clear of all liens and encumbrances whatsoever, except a) any
46 mortgage assumed by Buyer, b) such restrictions, conditions, easements (however created) and
47 encroachments as do not materially adversely affect the use or value of the property, c) zoning ordinances, if
48 any, and d) taxes and assessments, both general and special, not yet due and payable. Seller shall furnish an
49 Owner's Fee Policy of Title Insurance in the amount of the purchase price from Republic Title
50 Seller shall have thirty (30) days after notice to remove title defects. If unable to do so, Buyer may either a) accept
51 Title subject to each defect without any reduction in the purchase price or b) terminate this agreement, in which
52 case neither Buyer, Seller nor any broker shall have any further liability to each other, and both Buyer and Seller
53 agree to sign a *mutual release*, releasing earnest money to Buyer. (see line 201)

54 **PRORATIONS:** General taxes, annual maintenance fees, subdivision charges, special assessments, city and
55 county charges and tenant's rents, collected or uncollected, shall be prorated as of the date the title has been
56 recorded. Taxes and assessments shall be prorated based upon the latest available tax duplicate. However, if the
57 tax duplicate is not yet available or the improved land is currently valued as land only, taxes and assessments shall
58 be prorated based upon 35% of the selling price times the millage rate. The escrow agent is instructed to contact
59 the local governmental taxing authority, verify the correct tax value of the property as of the date the title has been
60 recorded and pay the current taxes due to the date the title has been recorded. If the property being transferred is
61 new construction and recently completed or in the process of completion at the time the agreement was signed by
62 the parties, the escrow agent is instructed to make a good faith estimate of the taxes to be owed on the value of the
63 improved property to the date the title has been recorded and reserve sufficient funds in escrow from Seller's net
64 proceeds to pay those taxes when they become due and payable after the title has been recorded. The escrow
65 agent is instructed to release the balance of the funds on reserve to Seller once they receive notice from the local
66 county auditor that the taxes on the land and improvements have been paid in full to the date the title has been
67 recorded. Buyer acknowledges that the latest available tax duplicate may not reflect the accurate amount of taxes
68 and assessments that will be owed. Seller agrees to reimburse Buyer directly outside of escrow for any increase in
69 valuation and the cost of all passed or levied, but not yet certified, taxes and assessments, if any, prorated to the
70 date the title has been recorded. Seller is not aware of any proposed taxes or assessments, public or private,
71 except the following: _____
72 _____
73 In the event the property shall be deemed subject to any agricultural tax recoupment (C.A.U.V.),
74 ☐ Buyer ☐ Seller agrees to pay the amount of such recoupment.

75 **CHARGES/ESCROW INSTRUCTIONS:** This agreement shall be used as escrow instructions subject to the
76 Escrow Agent's usual conditions of acceptance.
77 Seller shall pay the following costs through escrow: a) deed preparation b) real estate transfer tax, c) any amount
78 required to discharge any mortgage, lien or encumbrance not assumed by Buyer, d) title exam and one half the
79 cost of insuring premium for Owners Fee Policy of Title Insurance, e) pro-rations due Buyer, f) Broker's
80 commissions, g) one-half of the escrow fee (unless VA/FHA regulations prohibit payment of escrow fees by Buyer
81 in which case Seller shall pay the entire escrow fee), and h) _____ $150.00
82 Tenant security deposits, if any, shall be credited in escrow to the Buyer. The escrow agent shall withhold
83 $_____ from the proceeds due Seller for payment of Seller's final water and
84 sewer bills. Seller shall pay all utility charges to date of recording of title or date of possession whichever is later.
85 Buyer shall pay the following through escrow (unless prohibited by VA/FHA regulations): a) one-half of the escrow
86 fee b) one half the cost of insuring premiums for Owners Fee Policy of Title Insurance; c) all recording fees for the
87 deed and any mortgage, d) $250 fee to REMAX Crossroads. If the closing date cannot occur by the date of
88 closing due to any government regulation or lender requirement, the date of closing shall be extended for the
89 period necessary to satisfy these requirements, not to exceed fourteen (14) business days. The Selling and
90 Listing Brokers request and the Seller(s) and Buyer(s) hereby authorize and instruct the escrow agent to send a
91 copy of their fully signed, Buyers and Sellers, Closing Disclosures and/or Settlement Statements, if applicable, to
92 their respective Broker(s) listed on this Agreement promptly after closing, which Brokers may disburse to other
93 parties to the transaction.

Page 2 of 6   BUYER'S INITIALS AND DATE 2-22-18 / 2/22/18   RESIDENTIAL PURCHASE AGREEMENT   SELLER'S INITIALS AND DATE 2/24/18
NEOHREX - Amended: August 2015

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com   N Sedgwick

Property Address: 3519 Kneirim DR LORAIN OH 44053

94 **HOME WARRANTY:** Buyer acknowledges that Limited Home Warranty Insurance Policies are available and that
95 such policies have deductibles, may **not** cover pre-existing defects in the property, and have items excluded from
96 coverage. Broker may receive a fee from the home warranty provider. Buyer ☒ does ☐ does not elect to secure a
97 Limited Home Warranty Plan issued by ___America's Preferred Home Warranty___. The cost of $ 435.00
98 shall be paid by ☐ Buyer ☐ Seller through escrow.

99 **INSPECTION:** This agreement shall be subject to the following inspection(s) by a qualified inspector of
100 Buyer's choice within the specified number of days from acceptance of binding agreement. Buyer assumes
101 sole responsibility to select and retain a qualified inspector for each requested inspection and releases
102 Broker of any and all liability regarding the selection or retention of the inspector(s). If Buyer does not elect
103 inspections, Buyer acknowledges that Buyer is acting against the advice of Buyer's agent and Broker. Buyer
104 understands that all real property and improvements may contain defects and conditions that are not readily
105 apparent and which may affect a property's use or value. Buyer and Seller agree that the Broker(s) and their
106 agent(s) do not guarantee and in no way assume responsibility for the property's condition. Buyer acknowledges
107 that it is Buyer's own duty to exercise reasonable care to inspect and make diligent inquiry of the Seller or
108 Buyer's inspectors regarding the condition and systems of the property.

109 Inspections required by any state, county, local government or FHA/VA do not necessarily eliminate the
110 need for the inspections listed below.

111 Waiver: _BM 2/24/18_ _RM_ (initials) Buyer elects to waive each professional inspection to which Buyer has not indicated
112 "yes". Any failure by Buyer to perform any inspection indicated "yes" herein is a waiver of such inspection and
113 shall be deemed absolute acceptance of the property by Buyer in its "as is" condition.

114 **Choice** | **Inspections** | **Expense**
115 Yes No | | BUYER SELLER
116 ☐ ☒ GENERAL HOME ____ days from acceptance of Agreement ☐ ☐
117 ☐ ☒ SEPTIC SYSTEM ____ days from acceptance of Agreement ☐ ☐
118 ☐ ☒ WELL WATER ..... ____ days from acceptance of Agreement ☐ ☐
119   (☐ flow, ☐ potability)
120 ☐ ☒ RADON ............. ____ days from acceptance of Agreement ☐ ☐
121 ☐ ☒ MOLD ................ ____ days from acceptance of Agreement ☐ ☐
122 ☐ ☒ PEST/ ____ days from acceptance of Agreement ☐ ☐
123   WOOD DESTROYING INSECTS
124 ☐ ☒ OTHER ............. ____ days from acceptance of Agreement ☐ ☐
125   (list other inspections) _____

126 Within three (3) days after completion of the last inspection, Buyer shall elect one of the following:
127 a. Remove the inspection contingency and accept the property in its "as is" present physical condition. If the
128 property is accepted in its "as is" present physical condition, Buyer agrees to sign an *Amendment to the*
129 *Residential Purchase Agreement* removing the inspection contingency and this agreement will proceed in
130 full force and effect; OR
131 b. Accept the property subject to Seller agreeing to have specific items that were identified in a written
132 inspection report, if requested, repaired by a qualified contractor in a professional manner at Seller's
133 expense. If the property is accepted subject to the Seller repairing specific defects, Buyer agrees to provide
134 Seller with a copy of all inspection reports, if requested, and sign an *Amendment to the Residential*
135 *Purchase Agreement* removing the inspection contingency and identifying the defects which are to be
136 repaired. Seller and Buyer have five (5) days from Seller's receipt of the written list of defects and the
137 inspection report(s), if requested, to agree in writing which defects, if any, will be corrected at Seller's
138 expense. If a written agreement is not signed by Seller and Buyer within those five (5) days, this agreement
139 is null and void and Seller and Buyer agree to sign a *mutual release*, with the earnest money being returned
140 to the Buyer. (see line 201) The Buyer and Seller can mutually agree in writing to extend the dates for
141 inspections, repairs, or to exercise their right to terminate the Agreement. Seller agrees to provide
142 reasonable access to the property for Buyer to review and approve any conditions corrected by Seller, OR

Page 3 of 6   BUYER'S INITIALS AND DATE _BM 2-22-18_ / _RM 2/22/18_
RESIDENTIAL PURCHASE AGREEMENT
NEOHREX - Amended: August 2016
SELLER'S INITIALS AND DATE _2/24/18_

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com     N Sedgewick

Property Address: 3519 Knerrim DR LORAIN OH 44053

143  
144   c. Terminate this agreement if written inspection report(s) identify material latent defects not previously
145   disclosed in writing by the Seller and/or any cooperating real estate broker. If Buyer elects to terminate this
146   agreement based upon newly discovered material latent defects in the property, Buyer agrees to provide a
147   copy of the written inspection report(s), if requested, to the Seller, and both parties agree to sign a *mutual*
148   *release*. The earnest money will be returned to the Buyer without any further liability of either party to the
      other or to the broker(s). (see line 201)

149 **MEGAN'S LAW** Seller warrants that Seller has disclosed to Buyer all notices received pursuant to Ohio's sex
150 offender law. The Buyer acknowledges that the information disclosed may no longer be accurate and agrees to
151 inquire with the local sheriff's office. Buyer agrees to assume the responsibility to check with the local sheriff's office
152 for additional information. Buyer will rely on Buyer's own inquiry with the local sheriff's office as to registered
153 sex offenders in the area and will not rely on Seller or any real estate agent involved in the transaction to determine
154 if a sex offender resides in the area of any property Buyer may purchase.

155 **CONDITION OF PROPERTY:** Buyer has examined the property and agrees that the property is being purchased
156 in its "As Is" Present Physical Condition including any defects disclosed by the Seller on the Ohio *Residential*
157 *Property Disclosure Form* or identified by any inspections requested by either party or any other
158 forms or addenda made a part of this agreement. Seller agrees to notify Buyer in writing of any additional
159 disclosure items that arise between the date of acceptance and the date of recording of the deed. Buyer has not
160 relied upon any representations, warranties, or statements about the property (including but not limited to its
161 condition or use) unless otherwise disclosed on this agreement or on the *Residential Property Disclosure Form*.

162  ☑ 1.  Buyer acknowledges receipt of completed *Residential Property Disclosure Form* from Seller
163  ☐ 2.  Buyer has not received *Residential Property Disclosure Form* and Seller agrees to deliver to Buyer a copy of
164         the completed *Residential Property Disclosure Form* within three (3) days after acceptance unless the sale of
165         the property is exempt by Ohio Revised Code 5302.30 from the use of the form.

166 Seller shall pay all costs for the repair of any gas line leak found between the street and foundation at the time
167 of recording of title, or restoration of utilities, whichever is sooner. Seller agrees to comply with any and all local
168 governmental point of sale laws and/or ordinances. Seller will promptly provide Buyer with copies of any notices
169 received from governmental agencies to inspect or correct any current building code or health violations. If
170 applicable, Buyer and Seller have five (5) days after receipt by Buyer of all notices to agree in writing which party
171 will be responsible for the correction of any building code or health violation(s). If Buyer and Seller cannot agree in
172 writing, this Agreement can be declared null and void by either party. In that event Seller and Buyer agree to sign a
173 *mutual release* with instruction to the Broker on disbursement of the earnest money. (see line 201)

174 **REPRESENTATIONS AND DISCLAIMERS:** Buyer acknowledges that the Seller completed the Residential
175 Property Disclosure Form unless otherwise stated above and Seller has not made any representations or
176 warranties, either expressed or implied, regarding the property, (except for the Ohio Residential Property
177 Disclosure Form, if applicable), and agrees to hold the Brokers and their agents harmless from any misstatements
178 or errors made by the Seller on the form. Buyer also acknowledges and agrees that the Brokers and their agents
179 have no obligation to verify or investigate the information provided by the Seller on that form. Buyer hereby
180 acknowledges that any representation by Seller or the real estate agent(s) regarding the square footage of the
181 rooms, structures or lot dimensions, homeowner's fees, public and private assessments, utility bills, taxes and
182 special assessments are approximate and not guaranteed. Please list any and all verbal representations made by
183 Brokers or their agents that you relied upon when purchasing this property. (if none, write "none")
184  NONE

185 **DAMAGE:** If any building or other improvements are destroyed or damaged in excess of ten percent of the
186 purchase price prior to title transfer, Buyer may either a) accept the insurance proceeds for said damage and
187 complete this transaction or b) terminate this agreement and receive the return of all deposits made. In that
188 event, Seller and Buyer agree to sign a *mutual release*, with instruction to the Broker on disbursement of the
189 earnest money on deposit (see line 201). If such damage is less than ten percent of the purchase price, Seller
190 shall restore the property to its prior condition and Buyer agrees to complete the purchase of the Property.

Page 4 of 6  BUYER'S INITIALS AND DATE    RESIDENTIAL PURCHASE AGREEMENT    SELLER'S INITIALS AND DATE
                                           NEOHREX - Amended: August 2015

Property Address: 3519 Kneirim DR LORAIN OH 44053

191 **ADDENDA:** The additional terms and conditions in the attached addenda ☒ Agency Disclosure Form ☒ Residential
192 Property Disclosure ☐ VA ☒ FHA ☒ FHA Home Inspection Notice ☐ Secondary Offer ☐ Condominium ☐ Short
193 Sale ☐ House Sale Contingency ☐ House Sale Concurrency ☐ Lead-Based Paint (required if built before 1978)
194 ☐ Homeowner's Association ☐ Affiliated Business Arrangement Disclosure Statement ☒ Walk-Through Addendum
195 ☐ Other _____
196 are made part of this Agreement. The terms and conditions of any addenda will supersede any conflicting
197 terms in the Purchase Agreement.

198 **ADDITIONAL TERMS:** Purchase Contingent on Bankruptcy
199 Court Approval prior to closing
200 See Also attached ADDENDUM

201 **EARNEST MONEY:** In the event of a dispute between the Seller and Buyer regarding the disbursement of the
202 earnest money in the Broker's trust account, the Broker is required by Ohio law to maintain such funds in a trust
203 account until the Broker receives (a) written instructions signed by the parties specifying how the earnest money is
204 to be disbursed or (b) a final court order that specifies to whom the earnest money is to be rewarded. If within two
205 years from the date the earnest money was deposited in the Broker's trust account, the parties have not provided
206 the Broker with such signed instructions or written notice that such legal action to resolve the dispute has been
207 filed, the Broker shall return the earnest money to the purchaser with no further notice to the Seller.
208 In all events, at closing of the transaction, the broker shall have the right to apply earnest money being held by
209 broker against the real estate commission owed the broker as a result of said closing. If said earnest money
210 exceeds commission due Broker, the amount over the commission due Broker shall be sent to the escrow agent
211 or if requested by Seller, the total earnest money shall be sent to the Escrow Agent.

212 **BINDING AGREEMENT:** Upon written acceptance, then either written or verbal notice of such acceptance to the
213 last-offering party, this offer and any addenda listed above shall become a legally binding agreement upon Buyer
214 and Seller and their heirs, executors, administrators and assigns and shall represent the entire understanding of the
215 parties regarding this transaction. All counter-offers, amendments, changes or deletions to this Agreement shall be
216 in writing and be signed/initialed by both Buyer and Seller. Facsimile and/or scan and e-mail signatures shall be
217 deemed binding and valid. This Agreement shall be used as escrow instructions subject to the Escrow Agent's
218 usual conditions of acceptance. If there is any conflict between the escrow's conditions of acceptance and this
219 Agreement, the terms of this Agreement shall prevail. For purposes of this Agreement, "days" shall be defined as
220 calendar days.

221 This Agreement is a legally binding contract. If you have any questions of law, consult your attorney.
222 BUYER _____ 2-22-18 Address 40465 PARSONS Rd
223 Print Name BRIAN MACHOR    LAGRANGE O 44050
224 BUYER Richard Markoski    Date 2/22/18    Phone 440 355 6379
225 Print Name Richard MARKoski    Email Richard.m@windstream.net

BM 2-22-18
RM 2/22/18

Page 5 of 6    BUYER'S INITIALS AND DATE    RESIDENTIAL PURCHASE AGREEMENT    SELLER'S INITIALS AND DATE
NEOHREX - Amended: August 2015

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    N Sedgewick

17-16020-jps    Doc 62    FILED 03/05/18    ENTERED 03/05/18 12:27:22    Page 7 of 12

Property Address: 3519 Kneirim DR LORAIN OH 44053

226 ACCEPTANCE: Seller accepts the above offer and irrevocably instructs escrow agent to pay from Seller's escrow
227 funds a commission of $ _____ or _____ percent ( 7 %) of the
228 purchase price to RE/MAX Crossroads (Selling Broker) Strongsville (Office)
229 and $ _____ plus _____ percent (____ %) of the
230 purchase price to _____ (Listing Broker) _____ (Office).
231 ~~and $250 if the property is listed by RE/MAX Crossroads.~~

232 SELLER _William J Wojcik, Trustee_ Address 526 Superior Ave #211
233 Print Name _Waldemar J Wojcik, Trustee_ Cleveland OH 44114
   in Bankruptcy for/Mark B. Tomeo
234 SELLER _____ Date 2/24/18 Phone 216 241 2628
235 Print Name _____ Email wwojcik@wojcikLPA.com

236 Selling Agent Name, RE License Number,                Listing Agent Name, RE License Number,
237 Telephone and Email:                                   Telephone and Email:
238 PATTY CLARK
239 325410
240 216 804-4980
241 325410

242 Selling Broker's Name, BR License Number,              Listing Broker's Name, BR License Number,
243 Telephone and Email:                                   Telephone and Email:
244 RE/MAX Crossroads, #2005005120
245 17149 SouthPark Center, Strongsville, OH 44136
246 Telephone: (440) 846-0077
247 Email: crossroads@remaxneo.com

BMM 2-22-18
RM 2/22/18

Page 6 of 6    BUYER'S INITIALS AND DATE    RESIDENTIAL PURCHASE AGREEMENT    WJW 2/24/18
                                            NEOHREX - Amended: August 2015    SELLER'S INITIALS AND DATE

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com       N Sedgewick

17-16020-jps    Doc 62    FILED 03/05/18    ENTERED 03/05/18 12:27:22    Page 8 of 12

This is an Addendum to the Residential Purchase Agreement dated 02/22/2018, for the purchase and sale of the Property known as:

(Street Address) **3519 Kneirim Dr**

(City) **Lorain**, Ohio, (Zip Code) **44053-2216**

between **Richard F. Markowski and Brian Macik** (Buyer)

and **Waldemar Wojcik, Trustee** (Seller)

It is expressly agreed that notwithstanding any other provisions of this contract, the Buyer shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the Buyer has been given, in accordance with HUD/FHA or VA requirements, a written statement by the Federal Housing Commissioner, Veterans Administration, or a Direct Endorsement lender setting forth the appraised value of the property not less than $ **67,000**. The Buyer shall have the privilege and option of proceeding with consummation of the contract without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD neither warrants the value nor the condition of the property. The Buyer should satisfy himself/herself that the price and condition of the property are acceptable.

FHA regulations require that every application for a Firm Commitment for mortgage insurance be submitted with a Certification signed by the Seller, the Buyer, and the Broker involved in the transaction, that the terms of the contract for purchase are true to the best of their knowledge and belief, and any other agreement entered into by any of the parties in connection with the transaction is attached to the sales contract.

The undersigned hereby certify that in submitting this request for a Firm Commitment for mortgage insurance, that the terms of the contract for purchase dated _____ are true to the best of their knowledge and belief, and that any other agreement entered into by any of these parties in connection with this transaction is attached to the sales contract.

BUYER _____ 2-22-18   SELLER Wayne Wojcik, Trustee 2/24/18

BUYER Richard Makoski 2/24/18   SELLER _____

SELLING AGENT Patty Clark 02/22/2018   LISTING AGENT Patty Clark 02/22/2018

COMPANY NAME RE/MAX Crossroads   COMPANY NAME _____

Section 1010 of Title 18, U.S.C., "Federal Housing Administration transaction," provides: "Whoever, for the purpose of – influencing in any way the action of such Administration – makes, passes, utters, or publishes any statement, knowing the same to be false – shall be fined not more than $5,000.00 or imprisoned not more than two years, or both." Other Federal Statutes provide severe penalties for any fraud as intentional misrepresentation made for the purpose of influencing the issuance of any guaranty or insurance or the making of a loan by the Administrator for Veterans Affairs.

Page 1 of 1

F. H. A. Addendum
NEOHREX

revised/June 2010

## ADDENDUM TO REAL ESTATE PURCHASE AGREEMENT
## BETWEEN WALDEMAR WOJCIK, TRUSTEE (AS SELLER) AND
## RICHARD F. MARKOSKI AND BRIAN MACHOR (AS BUYER)

This Addendum to the contract for sale of real property at 3519 Kneirim Dr., Lorain, Ohio 44053 (hereinafter "the property") shall be considered in conjunction with the Purchase Contract executed by the parties thereto and shall govern that transaction to the extent inconsistent therewith.

Seller and Buyer agree as follows:

Seller is the Bankruptcy Trustee for Mark B. Tomco, the homeowner of record of the property. This proposed sale is therefore subject to Bankruptcy Court approval as to the specific terms of sale upon a Notice of Intent to Sell to be filed by Seller. Seller represents that the Bankruptcy Court has already entered an Order granting Trustee's Motion to Sell this property on 1/23/18 and represents that he reasonably anticipates no objections to his proposed acceptance of this Buyer's Offer upon a 14 day Notice of Intent To Sell.

In his capacity as Bankruptcy Trustee for the homeowner of record, Seller has never personally occupied the property and does not have personal knowledge of its condition and does not assume the responsibility for any repairs that may be needed, except as a credit against the purchase price to the extent set forth herein.

Promptly upon signing this Agreement, Buyer shall file the Point of Sale Application as completed and provided by Seller, with the City of Lorain and make arrangements with and pay for the $100.00 cost of the City inspection relative to the property.

Buyer will assume the cost of and responsibility to perform all necessary repairs as may be required both by the City of Lorain in connection with its Point of Sale Inspection and by FHA in connection with its inspection.

The following provision replaces the reference to Seller paying $750.00 referenced on line 82 of the Agreement: Seller and Buyers agree that $750.00 per month rent was due from Buyers for both January, 2018 and February, 2018 and that that this was not paid. As a result, Mark B. Tomco has not fully paid all water and sewer charges due through the 1/22/18 service date, totaling $194.85, plus the yet unissued bill through the 2/22/18 service date.

Seller and Buyers agree that upon closing of sale, the $750.00 security deposit shall be credited towards the January and February rent due and further, that in lieu of paying additional monthly rent for March and April, 2018, Buyers shall instead immediately pay the $194.85 water and sewer bill identified above plus all subsequent water and sewer bills for service periods ending 2/22/18, 3/22/18, 4/22/18 and up to and including the closing of sale and transfer of title. Subject to the closing of this sale and confirmation of the foregoing payments by Buyer, the remaining difference between the water and sewer charges paid by Buyer through closing and the monthly rent due through April, shall be a credit to the Buyers and shall no longer be due.

*[signatures]* 2/25/2018

To secure payment of the final water and sewer charges through the date of title transfer, Buyers shall deposit an additional $400.00 into escrow in addition to the Purchase Price, which amount shall be applied towards any outstanding charges owing through date of title transfer, as needed, or refunded to Buyers following verification that they have paid all water and sewer charges through the date of title transfer.

2/24/18
Date

_____, Trustee
Waldemar J. Wojcik, Trustee (SELLER)

2/25/2018
Date

_____
Richard F. Markoski (BUYER)

2/25/18
Date

_____
Brian Machor (BUYER)

## CERTIFICATE OF SERVICE

      A copy of the foregoing Notice of Intent to Sell Real Property with Exhibits attached thereto was served on March 5, 2018 by ordinary U.S. Mail, postage prepaid and/or via ECF email upon those parties who receive notice through the Court's Electronic Noticing System, including upon each of the following:

Richard F. Markoski
40465 Parsons Rd.
LaGrange, OH 44050

Brian Machor
3519 Kneirim Dr.
Lorain, OH 44053

William J. Balena, Attorney for Debtor (via ECF email: docket@ohbksource.com)

Office of U.S. Trustee (via ECF email: Registered address @usdoj.gov)

Christopher E. Manolis, Attorney for Nationstar Mortgage LLC, dba Mr. Cooper
 (via ECF email: cmanolis@logs.com)

Lorain County Treasurer, 226 Middle Ave., Elyria, OH 44035

To unsecured creditors listed in Debtor's Petition as follows:

| | |
|---|---|
| Capio Partners LLC<br>2222 Texoma Pkwy. #150<br>Sherman, TX 75090-2481 | Chase Card<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 |
| Cascade Capital, LLC<br>1670 Corporate Circle, #202<br>Petaluma, CA 94954-6952 | Citi Bank<br>P.O. Box 6241<br>Sioux Falls, SD 57117-6241 |

Phoenix Financial Service
P.O. Box 361450
Indianapolis, IN 46236-1450

St Mary Emergency Group LLC
1125 Marguerite Street
Morgan City, LA 70380-1855

Teche Regional Medical Center
1125 Marguerite Street
Morgan City, LA 70380-1855

      Waldemar Wojcik Co., L.P.A.

      /s/ Waldemar J. Wojcik
      _____
      WALDEMAR J. WOJCIK,
      Attorney for Trustee